Malcolm WEISS, Plaintiff,

v.

YORK HOSPITAL, et al., Defendants.

Civ. No. 80–0134.

United States District Court,
M.D. Pennsylvania.

July 26, 1984.

Arnold Levin, Michael D. Fishbein, Levin & Fishbein, Philadelphia, Pa., Lewis H. Markowitz, York, Pa., for plaintiff.

David H. Weinstein, Stuart H. Savett, Philadelphia, Pa., Robert J. Brown, Kain, Brown, Roberts & Woodbury, York, Pa., for York Hosp. and Medical Staff.

Helen P. Pudlin, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for York Hosp.

Smith B. Gephart, Thomas W. Scott, Killian & Gephart, Harrisburg, Pa., for Kline, Heaps, Crovotta, Delt, Etter, Laucks, Smith & Smolko.

G. Thomas Miller, Harrisburg, Pa., for Merle Bacastow.

OPINION

MUIR, District Judge.

## I. Introduction.

On June 14, 1984, counsel for Plaintiff Weiss filed a motion for an award of counsel fees pursuant to a settlement agreement entered by the parties and approved by this Court on June 8, 1984. Pursuant to that agreement, the Defendants do not contest Plaintiff's counsels' request for an award of counsel fees totalling $99,950.00. The Defendants have, however, contested Plaintiff's counsels' right to reimbursement for certain expenses. Although Plaintiff's counsels' motion for counsel fees and expenses was, for the most part, uncontested, the parties nevertheless requested that the Court approve as reasonable the counsel fees and expenses requested by Plaintiff's counsel. Consequently, a hearing on the motion was held on July 16, 1984. The following are the Court's findings of fact and conclusions of law on the motion for fees and expenses.

## II. Findings of Fact.

1. On June 7, 1984, Plaintiff, with the consent of all parties, filed a motion for an Order approving as fair and reasonable an agreement of settlement entered into between the parties on June 8, 1984 and for an Order directing the parties to comply with that agreement as an Order of the Court.

2. Thereafter the Court approved the settlement and entered it as its Order.

3. Paragraph 8 of the Settlement Agreement provides in pertinent part:

8. The respondents shall pay the firm of Levin and Fishbein and Lewis H. Markowitz an attorneys' fee for services performed between December 14, 1983 and the date this Agreement becomes effective, and shall reimburse the out-of-pocket expenditures incurred in connection with the contempt motion in those amounts determined by the Court, after a hearing, to be reasonable; provided, however, that such amounts shall not exceed those set forth in the Addendum to this Agreement...

4. The Addendum to the Agreement provides that the maximum fee to be paid pursuant to paragraph 8 is $99,950.00 and that the maximum to be paid for reimbursement of expenses under paragraph 8 is $8,500.00.

5. Plaintiff's counsel have filed a motion for an award of fees and expenses allowable under paragraph 8 of the Settlement Agreement and the Confidential Addendum thereto.

6. The following attorneys for Plaintiff performed the following number of hours of legal services between December 14, 1983 and June 6, 1984 in connection with the prosecution and settlement of plaintiff's Motion for the Entry of Civil Contempt Sanctions:

| Arnold Levin | – | 165.25 hours |
| Michael D. Fishbein | – | 569.50 hours |
| Lewis H. Markowitz | – | 108.10 hours |
| Marc G. Tarlow | – | 5.30 hours |
| Total | | 848.15 hours |

7. After Plaintiff's counsel had completed their initial factual research and legal evaluation of the events occurring with respect to Dr. Weiss's application for staff privileges between July 12, 1982 and December 14, 1983, they approached counsel for defendants and requested as required by the Rules of Court of this District his concurrence or non-concurrence in a Motion for the Entry of Civil and Criminal Contempt Sanctions. Counsel refused to concur. Defendants forthwith moved in the United States Court of Appeals for the Third Circuit for a stay which would prevent Plaintiff from proceeding with any action based on any alleged contempt of the Court's September 30, 1982 injunction. Plaintiff's counsel prepared an Answer and Memorandum in Opposition to Defendants' Motion. The Answer outlined in detail each of the acts by Defendants which Plaintiff alleged was in contempt of the Court's September 30, 1982 injunction. Defendants filed a reply and Plaintiff filed a Sur-Reply. The Court of Appeals denied Defendants' Motion.

8. Thereafter, Plaintiff's counsel prepared a Motion for the Entry of Civil and Criminal Contempt Sanctions and a memorandum of law in support thereof which were filed on January 16, 1984. The Respondents filed a response to the Motion and Plaintiff's counsel thereafter prepared a memorandum of law in reply which was filed with the Court.

9. Simultaneously with the filing of the motion for the entry of civil and criminal contempt sanctions, Plaintiff filed and served notices to take the depositions of a number of witnesses and requests for the production of documents. When the Court on January 16, 1984 scheduled trial of the contempt action on its February list, the deposition schedule was revised.

10. On the day before the depositions were scheduled to commence, defendants served Objections to the request for production of documents contained in the Notice of Depositions and moved for protective orders precluding the taking of the depositions. Thereafter, Plaintiff's counsel prepared and filed a detailed response to the defendants' motion for a protective order and a memorandum of law in opposition thereto. In addition, Plaintiff's counsel filed a motion to overrule Defendants' objections and to compel the production of documents. Defendants filed answering papers and Plaintiff's counsel prepared a reply.

11. Respondents filed a second motion for a protective order with regard to other depositions which had been scheduled by Plaintiff and filed objections to the request for production of documents contained in the notices to take their depositions. Again, Plaintiff's counsel was constrained to prepare a response to the motion for a protective order and an independent motion to compel the production of documents.

12. Respondents also prepared and filed a number of non-discovery motions including a motion requesting a jury trial, a motion requesting trial of the contempt proceedings in Harrisburg, a motion under the Speedy Trial Act, a motion to quash service of process, and a motion to dismiss

the medical staff as a party. Although the United States Attorney formally answered some of these motions, Plaintiff's counsel reviewed and researched each question and responded to the motion for trial in Harrisburg and the motion to dismiss the medical staff.

13. After these motions were resolved, Plaintiff's counsel was finally able to begin conducting discovery on March 19, 1984. In the one month period following that date, Plaintiff's counsel reviewed the Hospital's production of the staff files maintained with regard to each applicant who applied for staff privileges since September 30, 1982, created a statistical compilation from those files which was reflected in the Proposed Findings of Fact and Conclusions of Law submitted by Plaintiff to the Court, and conducted or participated in lengthy depositions of eleven individuals: Dr. Gary Ardison, Dr. Galen Kistler, Dr. Philip Laucks, Dr. Kenneth Heaps, Dr. Jack Kline, Dr. Arthur Crovatto, Dr. Merle Bacastow, Dr. Malcolm D. Weiss, Dr. Martin Lasky, Mr. Dennis Heinle and Dr. Alfred DeAngelo. Each of these depositions was conducted in York, Pennsylvania.

14. Based upon this extensive pretrial discovery, Plaintiff's counsel prepared in excess of 50 pages of detailed proposed findings of fact.

15. Plaintiff's counsel prepared for and attended the first portion of the contempt trial which took place between April 30, 1984 and May 3, 1984.

16. After the contempt trial was adjourned, because of a conflict with a trip to Russia which had been prepaid by lead defense counsel, Plaintiff's counsel completed their preparations for the balance of the trial. The day before the trial was set to resume, May 9, 1984, Defendants' counsel initiated intensive settlement negotiations which continued through the evening into the next day, and into the weekend.

17. The initial Settlement Agreement was not approved by the Court. Further negotiations and a court conference were necessary to obtain a satisfactory settlement agreement.

18. In an Opinion dated March 11, 1982, which was entered by this Court in the case of Holmes vs. Penn Security Bank and Trust Company, Civil Action No. 80–0747, the Court found the following facts with regard to the professional background of Arnold Levin and Michael D. Fishbein:

Arnold Levin, Esquire, one of the partners assigned to this matter was graduated from Temple University, B.S. 1961, with Honors and Temple Law School, LLB 1964. He was Articles Editor of the Temple Bar Quarterly. He is a member of the bars of the Supreme Court of Pennsylvania, United States District Court for the Eastern District of Pennsylvania, United States District Court for the Middle District of Pennsylvania, the Third, Fourth, and Tenth Circuit Courts of Appeals and the United States Supreme Court. He has appeared pro hac vice in various federal and state courts throughout the United States. He has lectured on class action and antitrust litigation for the Pennsylvania Bar Institute, the Philadelphia Trial Lawyers Association, the Pennsylvania Trial Lawyers Association, the Association of Trial Lawyers of America, the Philadelphia Bar Association, and at the Belli Seminars.

Mr. Levin is a past Chairman of the Commercial Litigation Section of the Association of Trial Lawyers of America, and is co-chairman of the Antitrust Section of the Pennsylvania Trial Lawyers Association. He is a member of the Pennsylvania Trial Lawyers Consultation, Class Action Section. He is also a fellow of the Roscoe Pound Foundation and current Vice-Chairman of the Maritime Insurance Law Committee of the American Bar Association. He enjoys an "av" rating in Martindale-Hubbell.

Michael D. Fishbein is a graduate of Brown University (B.A.1974). He graduated from Villanova University Law School with Honors, receiving a degree of Juris Doctor in 1977. Mr. Fishbein was a member of the Villanova Law Review and is a member of the Villanova

University Law School Chapter of the Order of the Coif. He is admitted to practice before the Pennsylvania Supreme Court, the United States District Court for the Eastern District of Pennsylvania, and the Third Circuit Court of Appeals. Mr. Fishbein has been extensively involved in the prosecution of a variety of commercial class actions.

19. During 1981, the hourly rate normally and customarily charged by Arnold Levin and Michael F. Fishbein to clients paying for their services on a non-contingent fee basis was $150.00 and $110.00 respectively.

20. In the *Holmes'* decision, this Court determined that those rates were "reasonable hourly rates for the attorneys listed for the periods involved in this litigation for work on regular and currently billed matters without reference to contingent fee, success, the quality of work and other facts which may be properly taken into consideration." Because of inflation, it is reasonable for those hourly rates to have increased between 1981 and 1984 from $150.00 per hour to $175.00 per hour for Mr. Levin and from $110.00 per hour to $135.00 per hour for Mr. Fishbein.

21. Currently, Levin and Fishbein represent plaintiffs and defendants in a variety of complex matters and serve as counsel to a number of corporate clients who are billed on a non-contingent basis.

22. The hourly rates charged by Levin and Fishbein for work performed for those clients who pay for their services on a currently billed basis are as follows:

*For work performed during December 1983:*

| | | |
|---|---|---|
| Arnold Levin | – | $165.00 per hour |
| Michael D. Fishbein | – | $135.00 per hour |

*For work performed after January 1, 1984:*

| | | |
|---|---|---|
| Arnold Levin | – | $175.00 per hour |
| Michael D. Fishbein | – | $135.00 per hour |

23. The historical hourly rates for Arnold Levin, Michael D. Fishbein and/or Levin and Fishbein have been approved in the following litigation: In Re Glassine and Greasproof Antitrust Litigation, MDL No. 475, U.S.D.C., Eastern District of Pennsylvania; In Re Electric Weld Steel Tubing Antitrust Litigation, Master File No. 79–4628, (E.D.Pa.1982); James J. and Linda J. Holmes, et al. vs. Penn Security and Trust Co., et al., U.S.D.C., Middle District of Pennsylvania, Civil Action No. 80–0747; In Re Three Mile Island Antitrust Litigation, No. 79–0432, U.S.D.C., Middle District of Pa.; and In Re Standard Screws Antitrust Litigation, Master File No. MDL 443, U.S. D.C., Eastern District of Pennsylvania. But see, *In Re Fine Paper Antitrust Litigation*, 98 F.R.D. 48 MDL (E.D.Pa.1983).

24. Lewis H. Markowitz received his B.A. from Wesleyan University with distinction and his J.D. from University of Michigan. He was certified as a Civil Trial Advocate by the National Board of Trial Advocacy with diplomate status granted on March 1, 1982. Mr. Markowitz is a member of the bars of the Supreme Court of the United States, the Court of Appeals for the Third Circuit, all federal districts in Pennsylvania, all Pennsylvania appellate courts and of the Court of Common Pleas of York County. He has been chairman of the ATLA State Delegates from 1982 to the present and is a member of the ATLA Board of Governors and Executive Committee. He has lectured on various trial topics for the Pennsylvania Bar Institute at seminars held in Philadelphia, Pittsburgh, Harrisburg, Williamsport, Clearfield and Scranton, and has lectured at national meetings of ATLA on trial topics, as well as at the international meeting of the Academy of Law and Science held in Copenhagen, Denmark and Washington. Mr. Markowitz is past president of the York County Bar Association, a past member of the Board of Directors of that body, and has served as chairman of the local rules of Court Committee. He currently serves as Chairman of the Hearing Committee 3.01 of the Disciplinary Board of the Supreme Court of Pennsylvania. He has been a member of the Board of the Pennsylvania Association of Trial Lawyers for the past eight years.

25. The amounts charged by Lewis H. Markowitz and a member of his predecessor firm, Markowitz & Seidensticker, to clients paying for their services on a non-contingent fee basis during the period between December 1, 1983 and the present date are as follows:

Lewis H. Markowitz – $110.00 per hour
Marc G. Tarlow – $ 85.00 per hour

26. Multiplying the number of hours expended by each of Plaintiff's counsel in the litigation of plaintiff's motion for the entry of contempt sanctions times the reasonable hourly rate for such counsel yields a "lodestar value" for the legal services provided to plaintiff between December 14, 1983 and June 6, 1984, in an amount of $118,067.50. The lodestar is computed as follows:

| Arnold Levin | 7.5 | hrs. × $165 per hour = | $ 1,237.50 |
| | 157.75 | hrs. × $175 per hour = | 27,606.25 |
| Michael D. Fishbein | 569.50 | hrs. × $135 per hour = | 76,882.50 |
| Lewis H. Markowitz | 108.1 | hrs. × $110 per hour = | 11,891.00 |
| Marc G. Tarlow | 5.3 | hrs. × $85 per hour = | 450.25 |
| Total | | | $118,067.50 |

27. Plaintiff's counsel accepted representation of Plaintiff on a contingent basis. They expended 842.85 hours of their professional time and advanced slightly under $8,500.00 in out-of-pocket costs without any guarantee of remuneration.

28. The quality of counsel's work during the contempt proceedings was excellent. As a result of extensive pretrial preparation, Plaintiff's counsel presented a case which precipitated a settlement granting more relief than that initially sought in Plaintiff's contempt motion.

29. The settlement negotiated by Plaintiff's counsel is a good one. The civil contempt relief requested by Plaintiff was limited to further equitable relief aimed at gaining Plaintiff staff privileges at York Hospital. However, this Court had previously rejected a request that it exercise its equitable powers to appoint Dr. Weiss to the Staff at York Hospital and there was no assurance that it would honor such a request even if Plaintiff satisfied its burden to prove a contempt.

30. Considerable uncertainty as to the outcome of the contempt proceedings was engendered by the fact that the Court of Appeals has not yet ruled on the Defendant's appeal from the underlying September 30, 1982 injunction which was argued last fall. Thus, any relief granted in the civil contempt proceeding to effectuate the remedial purposes of the September 30, 1982 injunction might have been mooted by Third Circuit action.

31. The settlement obtained requires the appointment of Dr. Weiss to the Staff and the entry of an injunction prohibiting discrimination against him which will survive any action by the Court of Appeals. It thus represents a complete and unqualified victory for him.

32. Paragraph 8 of the settlement agreement also provides for the reimbursement of properly documented out-of-pocket expenditures incurred in connection with the contempt motion in an amount not to exceed $8,500.00.

33. With the following exception, the expenses incurred by Plaintiff's counsel were reasonable and necessary to the prosecution of the motion for civil contempt sanctions.

34. A reasonable rate of reimbursement for mileage expenses is 20.5 cents per mile (the rate allowed by the federal government for mileage) rather than 35 cents per mile as claimed by Plaintiff's counsel. Thus, Plaintiff's counsel is entitled to reimbursement for 600 miles of travel at 20.5 cents per mile for a total of $123.00 for this item rather than the $180.00 claimed at a rate of 30 cents per mile. *See* Plaintiff's exhibit 7.

### III. Discussion.

Plaintiff's counsel have asked that the Court award them attorney's fees and expenses pursuant to the settlement agreement entered by the parties to the contempt motion. The agreement provides that the Defendants not contest Plaintiff's counsels' request for an award of attorney's fees totalling $99,950.00. The agreement does require, however, that any award of attorney's fees (and expenses) be approved by this Court as reasonable. Thus, Plaintiff's counsels' request for attorney's fees and expenses, and our determination of the reasonableness of that request, is made pursuant to the settlement agreement. We are not aware of any case law directly relevant to the question of the reasonableness of an award of attorney's fees pursuant to an agreement between the parties. Nevertheless, we make our determination in light of the principles for determining the reasonableness of attorney's fees awards set forth in Lindy Brothers Builders, Inc. of Philadelphia vs. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3d Cir.1973) and Lindy Brothers Builders, Inc. of Philadelphia vs. American Radiator & Standard Sanitary Corp., 540 F.2d 102 (3d Cir.1976).

### IV. Conclusions of Law.

1. The customary hourly rates charged by each of Plaintiff's attorneys are reasonable. The lodestar value of the services reasonably performed by Plaintiff's attorneys is $118,067.50 which is in excess of the fees requested by petitioning counsel.

2. The amount of $99,950.00 represents a reasonable attorney's fee for the work performed by plaintiff's counsel between December 14, 1983 and June 8, 1984 in connection with the prosecution of Plaintiff's motion for contempt sanctions.

3. Plaintiff's counsel reasonably and necessarily incurred expenses in the amount of $8190.74 in connection with the prosecution of Plaintiff's motion for contempt sanctions.